# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| Steven Johnson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO. |
| vs. | ) |
| | ) |
| Amazon.com Services LLC, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Steven Johnson (hereinafter sometimes "Plaintiff"), and files this lawsuit against Amazon.com Services LLC (hereinafter sometimes "Amazon or Defendant"), and shows the following:

## Jurisdiction and Venue

1.

Plaintiff is a citizen and resident of the State of Georgia and resides in this judicial district.

2.

Defendant Amazon.com Services LLC is a Delaware company with its principal place of business in Seattle, Washington. At all relevant times, said

1

Defendant has done business within the judicial district of the Court.  Process may be served upon said Defendant at Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA  30092.

3.

The unlawful practices described herein occurred in this district. Defendant are subject to the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1332, and/ or 1367. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. This is an action for race discrimination and retaliation in violation of 42 U.S.C. § 1981 ("§ 1981").

**Facts**

4.

Plaintiff is an African-American male. He began working at Amazon in May 2020, and because of his excellent performance was promoted into the position of Senior Operations Manager/17 by accomplishing top tier level results.

5.

George Floyd was an Africa-American male who was choked to death by police officer, Derek Chauvin.  During an Amazon staff meeting with

mostly African-American supervisors, Plaintiff's supervisor, Derrik Johnson, (Site Leader of MGE9 ) Caucasian, stated that he "needed a neck to choke." Derrik Johnson had previously made other racially insensitive comments heard by Plaintiff, including "I don't like Black people."

6.

Steven Johnson told Derrik Johnson that his comments were racially offensive, and asked Derrik Johnson to please stop such comments. When the racially offensive comments by Derrik Johnson did not stop, Steven Johnson made a complaint on the Amazon Ethics Hotline in October, 2023.

7.

An internal investigation by Amazon found Derrik Johnson in violation of Amazon policy or standards of conduct. Amazon stated in its findings that it was taking appropriate action to address the violations and prevent similar violations in the future. The email below is what Plaintiff received from the Amazon internal investigator, Cheryl Thomas, on November 21, 2023.



8.

However, no appropriate or effective actions were taken as Derrik Johnson's racially discriminatory conduct did NOT stop. Just a few months after the findings that Derrik Johnson had violated Amazon policy or standards of conduct, Plaintiff was retaliated against when he was suddenly transferred to another facility, ATL6 in March 2024,

The transfer was suspect, in that the facility Steven Johnson was transferred to was already overstaffed.

9.

ln July 2024, Plaintiff was informed by his new supervisor Cyril Senu, Site Leader of ATL6, that he was being placed in his *first* "Focus" Amazon's performance improvement plan (PlP).

Steven Johnson's performance had always been good at Amazon as

4

shown by his promotion, and it was good at ATL6. Plaintiff asked Senu why he was being placed in Focus. Senu responded that it "was based on your performance at the previous site MGE9."

This made no sense because Johnson's performance at the previous facility MGE9 had been good. It only made sense in that it was a retaliatory act by Derrik Johnson who would have initiated the Focus as retaliation for Steven Johnson's complaints of racially discriminatory comments. There was no justification or support whatsoever for Steven Johnson being placed in any Focus/PIP.

10.

Plaintiff outperformed the *first* PIP/Focus he was placed under. Subsequently, Steven Johnson asked Cyril Senu whether he was still under the PIP.

Senu never responded with an answer. Plaintiff inquired regularly about whether he was still under this, his *first* PIP/Focus at Amazon, which had no justification.

Further the Focus policies state that "Focus entries for performance should be active for no longer than 60 days." Despite this clear policy and

5

Steve Johnson outperforming the PIP/Focus, Amazon kept him guessing and unsure of his status, causing him pain and suffering.

11.

Out of the blue, and despite Plaintiff's good performance Senu told Steven Johnson in January 2025 that he was now being placed in another, *second* PIP/Focus effective February 2025.

Again, this was simply another retaliatory act by Derrik Johnson who would have initiated the *second* Focus as retaliation for Steven Johnson's complaint of his discriminatory comments.

When Plaintiff inquired as to this now *second* unsupported and groundless action, Senu responded with a pretextual reason, that it was due to the transfer of regions and that "you (Steven) had to prove himself."

12.

To Plaintiff's knowledge no other manager "had to prove himself" due to a transfer. Steven Johnson again outperformed the *second* PIP/Focus passing with 90% or higher effectiveness, while at the same time leading a region-wide project.

At this point Plaintiff understood that Amazon was trying to cause his

6

termination or separation in retaliation for his complaint of discrimination.

13.

ln June 2025 Steven Johnson was told by Senu that the decision had been made to keep Plaintiff in Focus, and he would be placed on a *third* PIP/Focus.

As none of the PIP's were warranted or justified it was clear that Steven Johnson was being placed in these PIP's in retaliation in an effort to cause him to quit, be fired, or cause him sufficient pain and suffering and health issues so he would separate from Amazon.

14.

Given the absurdity of now being placed on a *third* PIP while having good performance, Plaintiff insisted on the truth as to what he was being subjected to.

Both Senu and Senu's boss, Kris Schoen (sub-regional director) told Steven Johnson that he had been placed on these PIP's at the direction of Matthew Goodman, South Regional Director.

15.

Senu and Schoen told Plaintiff that Goodman was personally involved

in drafting the PIP's, putting and keeping Steven Johnson in Focus, and Goodman insisted on writing/rewriting the drafts of each Focus plan.

16.

There are an estimated 36,000 Amazon employees under Matthew Goodman direction in his position as South Regional Director.  The reason that Goodman and Derik Johnson would be so intent on terminating Plaintiff would be to retaliate for Plaintiff's complaint of racial discrimination against Derik Johnson, one of Goodman's managers.

Steven Johnson's complaints about Derrik Johnson clearly upset Matthew Goodman, as it reflected on Goodman, and Goodman was determined to retaliate and cause Steven Johnson's separation from Amazon.

17.

On August 23, 2025 Mr. Johnson timely filed a charge of Title VII discrimination against Amazon with the Equal Employment Opportunity Commission (hereinafter "EEOC"). The charge is currently being investigated by the EEOC.

Upon receiving a right to sue letter from the EEOC, Mr. Johnson intends to amend his complaint to include Title VII causes of action. This will include,

but not be limited to, claims for a failure to promote hostile work environment, discrimination, retaliation, and termination.

18.

Plaintiff has had to take medical leave for the hostile work environment. When Mr. Johnson returned to work recently instead of being removed from the unjustified *third* PIP, he was told that he was now going to be under essentially a *fourth* PIP.

This *fourth* PIP is clearly retaliation for the EEOC charge filed and to cause his separation, hence Plaintiff will be amending the charge to add this most recent retaliation.

As a result, Plaintiff had to take additional medical leave.

19.

Due to the continued hostile work environment, Plaintiff has requested that he been taken off any PIP, reimbursed for lost bonuses and promotions, and for his pain and suffering.

Plaintiff has explained to Amazon that their unlawful and retaliatory actions have caused him extreme pain and suffering and that he cannot return to Amazon under the current conditions.

Mr. Johnson has had to seek medical treatment for the medical conditions that Amazon has caused him. Steven Johnson cannot work under the constant pressure of these unwarranted, discriminatory, and retaliatory Focus plans, which have created a hostile work environment.

Amazon has declined to remedy the situation for Mr. Johnson to return, so that he can work in an environment free of harassment, discrimination, and a hostile work environment that has affected his health severely.

No one has to remain on a job until they have a nervous breakdown. Johnson is currently on medical leave. Due to Amazon's retaliatory actions and refusal to remedy the situation, they have constructively discharged Steve Johnson from the company.

## Count I: Hostile Work Environment

20.

Plaintiff re-alleges and incorporates herein paragraphs 4-19 of this Complaint.

21.

The said actions of said Defendant, through their employees, created a racially-hostile work environment, forcing Plaintiff to endure severe and

pervasive racial harassment as a term or condition of his employment during his tenure of active employment. Defendant has violated 42 U.S.C. § 1981.

22.

As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

## Count II: Discrimination in Violation of 42 U.S.C. § 1981

23.

Plaintiff re-alleges and incorporates herein paragraphs 4-19 of this Complaint.

24.

Plaintiff has been a good employee at Amazon and received a promotion and commendations for his work.  Because he complained of a racially hostile work environment he was discriminated against in the terms and conditions of his employment by Defendant.  Defendant has violated 42 U.S.C. § 1981.

25.

As a direct and proximate result of Defendant's violation of 42 U.S.C.

11

§ 1981, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

## Count III: Retaliation in Violation of 42 U.S.C. § 1981

26.

Plaintiff re-alleges and incorporates herein paragraphs 4-19 of this Complaint.

27.

Amazon's actions, in subjecting Steven Johnson to retaliation for engaging in protected activity by complaining of, and opposing, race discrimination, constitute unlawful intentional retaliation in violation of § 1981.

28.

As a result of Amazon's unlawful actions, Mr. Johnson has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

## Count IV: Termination of Employment

29.

Plaintiff re-alleges and incorporates herein paragraphs 4-19 of this Complaint.

30.

Amazon's actions, in subjecting Steven  Johnson to retaliation of *four* separate Focus unwarranted and retaliatory job actions to cause him pain and suffering and result in his separation from Amazon constitute unlawful intentional retaliation in violation of § 1981.

Such hostile work environment through the unwarranted, retaliatory and discriminatory, four job actions was designed to cause Plaintiff enough pain and suffering and medical conditions so as to cause his separation from Amazon.  Incredibly Plaintiff has met and exceeded all four job actions designed to cause his termination.

31.

Plaintiff is on medical leave due to the discriminatory job actions of Amazon.  Plaintiff asked Amazon to remove these job actions so that he may return to work free of the racially hostile work environment and continue his good performance.

Amazon has refused to remove these unwarranted, retaliatory, and discriminatory job actions.  Plaintiff is not required to work in such an environment and have a nervous or medical breakdown.  Therefore, Amazon has constructively discharged Plaintiff.

32.

The Defendant, through their employees actions, has resulted in the racially discriminatory termination of Plaintiff's employment. Defendant has violated 42 U.S.C. § 1981.

33.

As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests:

a.      That Plaintiff receive a trial by jury.

b.      That Plaintiff recover from Defendant back pay, benefits, and interest due and payable.

c.      That Plaintiff recover from Defendant front pay and benefits, or,

14

in lieu of recovering front pay and benefits, that Plaintiff be reinstated to an appropriate position.

**d.**     That Plaintiff recover from Defendant an amount of damages to compensate him for the emotional pain and suffering he has endured as a result of Defendant' discriminatory, retaliatory, and tortious acts.

**e.**     That Plaintiff recover from Defendant punitive damages under 42 U.S.C. § 1981(a)(1) in an amount sufficient to punish Defendant for their actions and to deter them from discriminating against their employees in the future.

**f.**     That Plaintiff be granted declaratory relief.

**g.**     That Plaintiff be granted injunctive relief to prevent Defendant from engaging in such discriminatory conduct in the future.

**h.**     That Plaintiff recover from Defendant his costs incurred in bringing this action; including his attorney's fees and expenses of litigation.

**i.**     That Plaintiff be awarded prejudgment interest.

**j.**     That Plaintiff have such other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of January 2026.

_s/Jack Rosenberg_____
Jack Rosenberg
Georgia Bar No. 614475
Suite 53, 5425 Glenridge Drive
Atlanta, GA  30342
Telephone: (404) 343-1091
Facsimile: (404) 343-1497
Cell-404-786-5285
jackrosenberg2@gmail.com

***Counsel for Plaintiff***